United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON, | No. C-07-00774 EDL |
|     Plaintiff, | **REPORT AND RECOMMENDATION RE MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| LEONA CANNON, et al. | |
|     Defendants. | |

The Court has before it the City & County of San Francisco's ("the City") Motion for Judgment on the Pleadings. Plaintiff, who is pro se, did not file an opposition to the motion. The Court has fully reviewed the papers and finds that this matter is appropriate for a decision without a hearing. At this time, some but not all of the parties have consented to have this matter heard by a magistrate judge. Accordingly, the Court hereby vacates the May 22, 2007 hearing and RECOMMENDS that Defendant City & County of San Francisco's motion for judgment on the pleadings be GRANTED for the reasons stated in Defendant's papers and as set forth below.

On February 6, 2007, Plaintiff filed a Complaint alleging three causes of action: a violation of Plaintiff's constitutional rights to due process and equal protection, a denial of reasonable accommodation under the Americans Without Disabilities Act, and a claim for nuisance relating to the alleged collapse of a tree which fell from Defendant Cannon's property onto Plaintiff's adjoining property, causing injury to Plaintiff. The City answered the Complaint on March 5, 2007, and later moved for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and (h)(2)(a defense of failure to state a claim upon which relief may be granted may be brought by a motion for judgment on the pleadings).

1    Judgment on the pleadings is appropriate when, even if all material facts in the pleading
2    under attack are true, the moving party is entitled to judgment as a matter of law. Hal Roach
3    Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). "In civil rights
4    cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must
5    afford plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621,
6    623 (9th Cir. 1988). The City argues that, even liberally construed, none of the claims in the
7    Complaint assert any conduct by the City, let alone wrongful conduct. Accordingly, Plaintiff would
8    not be able to successfully amend the pleadings to allege a valid cause of action against the City.
9    The Court agrees.

10   The first cause of action, alleging a violation of due process and equal protection, appears to
11   be founded in Plaintiff's dissatisfaction with a state judge's actions during a hearing that took place
12   in February in San Francisco Superior Court. The allegations contain no references
13   to the City; they only describe the actions of a judge of the San Francisco Superior Court. The
14   actions of a judge of the San Francisco Superior Court are not attributable to the City, however,
15   because the San Francisco Superior Court is not an agency of the city or county in which the court
16   sits. See, e.g., Jones v. County of Los Angeles, 99 Cal.App. 4th 1039, 1045 (2002). Thus, even if
17   the allegations in the Complaint were true, Plaintiff has not alleged a cause of action against the
18   City.

19   The second cause of action, alleging a violation of Title II of the Americans with Disabilities
20   Act, is devoid of details as to Plaintiff's alleged denial of reasonable accommodation, and fails to
21   indicate who allegedly denied accommodation and how, or whether that person or entity had any
22   duty to do so in the first instance. Plaintiff has failed to provide any Defendant with adequate notice
23   of the claims alleged against them and the cause of action should accordingly be dismissed. See
24   Fed. R. Civ. P. 8(a) (requiring a "short and plain" statement of Plaintiff's claims); see also Brazil v.
25   United States Dept. of the Navy, 66 F.3d 193, 199 (9th Cir. 1995) (even under the liberal pleading
26   standards afforded to pro se litigants, Plaintiff must provide Defendants with "notice of what [they]
27   allegedly did wrong."). Further, even if Plaintiff had alleged sufficient facts about the purported
28   accommodation failures of the judge and/or the Superior Court, these allegations would fail to state

a claim against the City.

The third cause of action, the claim for nuisance, is a common law claim alleging wrongs by Defendant Cannon. The Complaint alleges only that Defendant Cannon had a tree that fell upon Plaintiff, causing him to incur medical bills and causing Margie Johnson emotional injury. See Complaint (Third Cause of Action). Plaintiff fails to state any facts that involve the City in any way, or allege that the City had any responsibility for the actions of Defendant Cannon. The Plaintiff also does not allege that he filed a government tort claim as required to pursue a tort claim against the City. Accordingly this cause of action against the City fails.

Thus, none of Plaintiff's claims against the City are valid. As to the first two claims, he has sued the wrong entity. As to the third claim, he has not alleged any misconduct by the City and has failed to comply with the California Tort Claims Act.

Even liberally construed, the facts alleged in Plaintiff's Complaint do not allege any claim against Defendant City & County of San Francisco. Accordingly, the motion for judgment on the pleadings should be granted. Any party may file objections to this report and recommendation with the District Judge within ten days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. Proc. 72(b); Civil Local Rule 72-3.

**IT IS SO RECOMMENDED.**

Dated: May 16, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge