IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>        Plaintiff,<br><br>  v.<br><br>LEONA CANNON, et al.<br><br>        Defendants.<br>_____/ | No. C-07-00774 EDL<br><br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS** |

The Court has before it Defendant Leona Cannon's motion to dismiss Plaintiff James Johnson's claims against her for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Defendants Allstate Insurance Company and the City & County of San Francisco have not joined in this motion. Plaintiff did not file an opposition to the motion to dismiss or appear at the April 17, 2007 hearing on the Motion. Some but not all of the parties have consented to have this matter heard by a magistrate judge. The Court has fully reviewed the papers and finds that this matter is appropriate for a decision without a hearing. Accordingly, the Court hereby RECOMMENDS that the Court GRANT Defendant Cannon's motion for the reasons stated in Defendant's papers and as set forth below.

On February 6, 2007, Plaintiff filed a Complaint alleging three causes of action: a violation of Plaintiff's constitutional rights to due process and equal protection, a denial of reasonable accommodation under the Americans Without Disabilities Act, and a claim for nuisance relating to the alleged collapse of Defendant Cannon's tree which fell from her property onto the neighboring property, causing injury to Plaintiff. The first cause of action, the due process and equal protection violation, appears to be founded in Plaintiff's dissatisfaction with a judge's actions during a hearing that took place in February in San Francisco Superior Court. The allegations contain no references

to Defendant Cannon and accordingly fail to state a claim against her.  Moreover, the Plaintiff has shown no basis for federal jurisdiction over this claim.

The second cause of action, alleging a violation of Title II of the Americans with Disabilities Act, is devoid of details as to Plaintiff's alleged denial of reasonable accommodation, and fails to indicate who allegedly denied accommodation and how, or whether that person or entity had any duty to do so in the first instance.  Plaintiff has failed to provide Defendant with adequate notice of the claims alleged against them and the cause of action should accordingly be dismissed.  See Fed. R. Civ. P. 8(a) (requiring a "short and plain" statement of Plaintiff's claims); see also Brazil v. United States Dept. of the Navy, 66 F.3d 193, 199 (9th Cir. 1995) (even under the liberal pleading standards afforded to pro se litigants, a plaintiff must provide a defendant with "notice of what [they] allegedly did wrong.").  Moreover, by its terms Title II provides disabled individuals with redress for discrimination by a "public entity."  See 42 U.S.C. § 12132.  Plaintiff has not, nor can it allege that Defendant Cannon is a public entity.

The third cause of action, the claim for nuisance, is a common law claim alleging wrongs by Defendant Cannon.  However, Plaintiff alleges no facts that would raise a federal question.  The Complaint alleges only that Defendant Cannon had a tree that fell upon Plaintiff, causing him to incur medical bills and causing Margie Johnson emotional injury.  See Complaint (Third Cause of Action). Although it is possible that the Complaint could be construed to allege a prima facie case for nuisance or other tort such as negligent infliction of emotional distress or trespass, Plaintiff's Complaint does not allege facts that would bring the claim within federal jurisdiction, even when construed in the light most favorable to Plaintiff.  See Park Schools of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Plaintiff has not stated any facts to suggest that this Court has diversity jurisdiction.  Indeed, Defendant Cannon is a neighbor of Plaintiff's, whose property is in San Francisco, California and not near any state border that would make interstate tree damage possible.  See id..  Accordingly, Plaintiff has not alleged sufficient facts to rebut the presumption that this claim lies outside a federal court's limited jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

//

The Court has discretion to exercise supplemental jurisdiction over state law claims brought in connection with federal proceedings. The Court should decline to exercise its supplemental jurisdiction here. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) [federal question] if - ... the district court has dismissed all claims over which it has original jurisdiction"). Here, Plaintiff has failed to state a federal claim in his first and second causes of action and those claims should be dismissed. Accordingly, the Court should decline to exercise jurisdiction over the state law claims. Therefore, Plaintiff's Complaint should be dismissed without prejudice as to Defendant Cannon, without leave to amend Plaintiff's first and second causes of action.

Any party may file objections to this report and recommendation with the District Judge within ten days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. Proc. 72(b); Civil Local Rule 72-3.

**IT IS SO RECOMMENDED.**

Dated: May 16, 2007

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge