IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON, | No. C 07-00774 SI |
| Plaintiff, | **ORDER DISMISSING COMPLAINT AS TO DEFENDANTS LEONA CANNON AND CITY AND COUNTY OF SAN FRANCISCO; AND NOTING FAILURE TO SERVE AND IMMINENT DISMISSAL OF DEFENDANT ALLSTATE INSURANCE COMPANY** |
| v. | |
| LEONA CANNON, et al., | |
| Defendants. | |

On February 6, 2007, plaintiff James Johnson filed a complaint against three defendants: Leona Cannon, the City & County of San Francisco ("the City"), and Allstate Insurance Company. Plaintiff apparently filed the complaint after a tree located on Cannon's property fell onto plaintiff's house. The complaint attempts to state three causes of action: (1) violation of plaintiff's constitutional right to due process and equal protection; (2) denial of reasonable accommodation under the Americans with Disabilities Act; and (3) nuisance.

On March 5, 2007, Cannon filed a motion to dismiss the complaint. Plaintiff did not file an opposition to the motion or appear at the April 17, 2007 hearing on the motion. Magistrate Judge Laporte reviewed the papers and issued a Report and Recommendation that the Court grant Cannon's motion. On April 11, 2007, the City filed a motion for judgment on the pleadings. Plaintiff did not file an opposition to the motion, and Magistrate Judge Laporte issued a Report and Recommendation that the Court grant the City's motion. The action was subsequently reassigned to the undersigned District Judge. No objections to the Reports and Recommendations have been received from any party.

This Court has reviewed *de novo* the files and records in this case, and the Reports and Recommendations issued by Judge Laporte. This Court concurs in and adopts Judge Laporte's findings

and analysis; and finds that plaintiff's complaint fails to state a claim against the City and fails to state a claim or establish federal jurisdiction with respect to defendant Cannon.

In addition, plaintiff's first cause of action, which appears to challenge a ruling issued in San Francisco Superior Court, may be barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, the United States District Court has no authority to review the final determinations of a state court in judicial proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (holding district courts may not exercise appellate jurisdiction over state courts). The *Rooker-Feldman* doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction and may be raised at any time by either party or *sua sponte* by the Court. *Moccio v. Office of Court Administration*, 95 F.3d 195, 198 (2d Cir. 1996); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) ("*Rooker-Feldman* is a jurisdictional doctrine, rather than a res judicata doctrine.").

In accordance with Judge Laporte's reports and recommendations, the Court hereby GRANTS defendant Cannon's motion to dismiss the first and second causes of action without leave to amend and declines to exercise jurisdiction over the third cause of action; and GRANTS the City of San Francisco's motion for judgment on the pleadings.

Defendant Allstate has not appeared in this action, and plaintiff has not filed proof of service on Allstate with the Court. Because more than 120 days have passed since plaintiff filed this action, pursuant to Federal Rule of Civil Procedure 4(m), **the Court will dismiss plaintiff's action with respect to Allstate unless plaintiff, no later than July 17, 2007, provides proof of service.**

[Docket Nos. 4 & 11]

**IT IS SO ORDERED.**

Dated: July 2, 2007

SUSAN ILLSTON
United States District Judge